■ In the Matter of ROBERT E. YATES v. CITY RENT AND REHABILITATION ADMINISTRATION.— Motion for reargument granted, and, upon such reargument, the order of this court entered on June 9, 1964 is modified to the extent of eliminating the provision for costs. Concur — Breitel, J. P., Valente, Eager, Steuer and Staley, JJ.

■ In the Matter of MOSES COHEN— Application for reinstatement to the Bar denied. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

## (October 8, 1964)

■ HARRIET V. STEWART, as Administratrix of the Estate of PHILLIP E. STEWART, Deceased, Appellant, v. ROOSEVELT HOSPITAL, Respondent — Order, entered on December 28, 1962, denying motion for discovery and inspection, unanimously reversed on the law and in the exercise of discretion, with $30 costs and disbursements to appellant, and the motion granted. Plaintiff sought discovery of the ambulance records and an accident report made by an employee of defendant. The ambulance records are part of the records regularly kept by the defendant. As to the accident report, the proper procedure was followed by plaintiff (*Rios* v. *Donovan*, 21 A D 2d 409). It does not appear that the report was attorney's work product or defense material. Concur — Breitel, J. P., Valente, McNally, Eager and Steuer, JJ.

■ FRED WHITE, Respondent, v. ALPHONSO WASHINGTON, Defendant, and FLOYD WILLIAMS, Appellant.— Judgment entered in favor of plaintiff against the defendant, Williams, in the amount of $15,240.50, unanimously reversed, on the law, and complaint dismissed, with $50 costs to appellant. Concededly, the plaintiff here was bound to establish that he was an independent contractor and that the codefendant Washington was an employee of the appellant. Only on this theory would the appellant be chargeable for negligence of Washington and liable to plaintiff, and the trial court, without any exception, so charged the jury. On the record here, however, it is clear that both the plaintiff and Washington stood in the same relationship to appellant. Both were hired at about the same time and on substantially the same terms to do the same job, namely, to move certain furniture for the appellant. There is nothing in the record to support a finding that one was an employee and the other an independent contractor. Finally, there being no proof as to the cause for the slipping of the closet, we agree with Mr. Justice RABIN that the evidence was insufficient to establish negligence on the part of Washington in his handling of the same. Concur — Breitel, J. P., Stevens, Eager and Steuer, JJ.; Rabin, J., concurs in the result.